UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MISAEL VALDEZ MARTINEZ
(A-Number: 241-109-051),

Petitioner,

v.

WARDEN OF THE MESA VERDE
DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-01870-KES-EPG (HC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS IN PART,
GRANTING PETITION FOR WRIT OF
HABEAS CORPUS, DIRECTING
RESPONDENTS TO IMMEDIATELY
RELEASE PETITIONER, AND DIRECTING
CLERK OF COURT TO CLOSE CASE

Docs. 1, 10

Petitioner Misael Valdez Martinez is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 22, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering petitioner's immediate release subject to a pre-deprivation bond hearing where the government bears the burden of justifying petitioner's detention.  Doc. 10.  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service.  On May 6, 2026, respondents filed timely objections.  Doc. 11.

Respondents object to the findings and recommendations' conclusion as to the appropriate remedy.  The findings and recommendations concluded that respondents had improperly detained

1

petitioner under 8 U.S.C. § 1225(b)(2)(A), a statute which does not apply to him.  The Court agrees with this analysis.[1]  The appropriate remedy for respondents' violation of the statute is petitioner's immediate release subject to a pre-deprivation bond hearing, as this Court has ordered in prior cases raising this claim.  *See, e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026).[2]

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court adopts the findings and recommendations in part.

The Court ORDERS:

1.  The findings and recommendations issued on April 22, 2026, Doc. 10, are ADOPTED in part.

2.  The petition for writ of habeas corpus, Doc. 1, is GRANTED.

3.  Respondents are ORDERED to release petitioner Misael Valdez Martinez (A-Number: 241-109-051) immediately.

4.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

5.  Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

6.  The Clerk is directed to serve Mesa Verde Detention Center with a copy of this Order.

---

[1] The findings and recommendations also concluded that "the statutory basis of Petitioner's detention is 8 U.S.C. § 1226(a)."  Doc. 10 at 4.  But respondents have taken the position that petitioner is subject to mandatory detention under § 1225(b) and have not attempted to justify petitioner's detention under § 1226(a).  *See id.*  The Court declines to *sua sponte* construe petitioner's detention as one arising under § 1226(a).  *See Cartagena Hueso v. Soto*, No. 26-1455 (ZNQ), 2026 WL 539271, at *3 (D.N.J. Feb. 26, 2026).

[2] The findings and recommendations also found that petitioner had been subjected to prolonged detention, and provided, in the alternative, a recommendation as to relief for that violation. Doc. 10 at 12–13.  Given the Court's finding above, it does not address the alternative recommendation in the findings and recommendations.

7. The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   June 10, 2026   

_____
UNITED STATES DISTRICT JUDGE